The Honorable Jodie Mahony State Representative 406 Armstrong Building El Dorado, AR 71730
Dear Representative Mahony:
I am in receipt of your letter dated January 23, 1989 wherein you have requested several opinions under the authority granted in Initiated Act 1 of 1988 which is cited as "The Disclosure Act for Lobbyist and State Officials". You have posed several questions which I will rephrase and answer in the order presented.
1. You first asked if a registered lobbyist is allowed to exclude from his lobbyist activity report those amounts expended for communications intended to solicit others to communicate with any public official or to influence any legislative action or administrative action if those expenditures have either been filed with the Secretary of State or have been published in a news media. You have referenced Section 21-8-402(J)(3) of Initiated Act 1 of 1988 which defined the term lobbyist.
It is my opinion that a person who is a registered lobbyist and expends $250 or more in a calendar quarter in the manner you have posed in your question would be required to report this expense in the lobbyist activity report. Section 21-8-603(a)(1) provided "within 15 days after the end of each calendar quarter, each registered lobbyist shall file a complete and detailed statement, signed and sworn to, concerning his or her lobbying activities during the previous calendar quarter". Section 21-8-604(a) provides in part "the lobbyist activity reports shall be signed and sworn to by the registered lobbyist. The report shall contain: (a) the total of all expenditures made or incurred by the registered lobbyist or on behalf of the registered lobbyist by his or her employer by the preceding period". Although a person who expends monies in the manner set forth in your hypothetical may not be required to register as a lobbyist, once registration has occurred these expenditures are required to be reported in the lobbyist activity report. I interpret 21-8-604(a) to be mandatory in nature and therefore the exemptions in 21-8-402(j)(3) apply only to a determination of whether a person is a lobbyist.
2. You next asked if one member of an organization is required to register as a lobbyist, must all other members of the organization register before they can engage in lobbying activities?
In my opinion all members of an organization who engage in lobbying activities as defined by Initiated Act 1, of 1988 must register within 5 days of beginning lobbying. You will also note that the organization itself is a "person" as defined by the Act and the organizational entity would be required to register as a lobbyist if the organization through its members was engaged in lobbying activities. The registration for the organizational entity would obviously be performed by a particular member of that organization. You should note that 21-8-601(a)(3) provides "a person whose only act of lobbying is to compensate or reimburse a registered lobbyist in the person's behalf should not be required to register as a lobbyist". Each individual situation should be analyzed to determine if the organization's only act of lobbying is to reimburse another registered lobbyist and, if so, registration would not be pursuant to this section. If the organizational entity is engaged in acts other than reimbursement of a registered lobbyist then, of course, registration would be required. 21-8-601(a)(3).
3. Your next question is as follows: If members of an organization hold a social event for the purpose of lobbying legislators and the event costs over $250, can the members avoid lobbyist registration by each writing a check for a portion of the event?
I will assume for purposes of this opinion that the members of the hypothetical organization are not paid by the organization for lobbying.
It is my opinion that the contributions made by the individual members of the organization in payment of the costs of the social event are actually monies being expended by the organization itself and could be characterized as de facto dues or income of some sort to the organization. In this scenario the organizational entity would be required to register as a lobbyist and to report the expenditure in their lobbyist activity report as a special event pursuant to Section 21-8-604 of the Initiated Act. The members themselves would not be required to register as lobbyists as a result of their contribution in payment of the social event.
4. Your next question is as follows: If an informal "group" of persons pays for the expenses by separate checks, is the informal group considered a "person" for the purpose of lobbyist registration?
The term person has a very broad definition which includes, inter alia, "a group of persons", Section 21-8-402(K). No distinction is made in the law with regard to the formality or informality of the group. Therefore it is my opinion that such an informal group with a common purpose to influence a public official or legislative action would be a lobbyist within the definition of the Act and that any expenditures made by contributions of the group would be reportable in the group's lobbyist activity report, assuming the threshold amounts were involved.
5. Your next question is as follows: If an "informal group" is required to register, must each member of the group register or may one individual register on behalf of the group?
In my opinion any member of an informal group who is a lobbyist as defined by Initiated Act 1 of 1988, lobbyist and it would not suffice for one member to register on behalf of other members in the group. Section 21-8-601(a)(1) provides that "a lobbyist shall register within 5 days after beginning lobbying". It is mandatory that each lobbyist comply with this section.
6. Your next question is as follows: If a member of the group or organization is required to register, is the person responsible for knowing about and reporting other expenditures made by other members of the group?
If a member of a group or organization were required to register as a lobbyist, that member, in my opinion, would not be responsible for knowing about and reporting other expenditures made by other members of the group. The organization itself or the other individual registered lobbyists would have the responsibility to report the disclosures required under Initiated Act 1 of 1988.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Bill McLean.